UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>VANESSA LISSETTE MORA (1),<br><br>                              Defendant. | Case No.: 24-cr-00460-H-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(I)**<br><br>[Doc. No. 65.] |

On February 10, 2025, Defendant Vanessa Lissette Mora, represented by Federal Defenders, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). (Doc. No. 65.) On February 26, 2025, the Government filed a non-opposition to Defendant's motion for compassionate release. (Doc. No. 67.) For the reasons set forth below, the Court grants Defendant's motion for compassionate release.

## Background

On February 16, 2024, at approximately 1:15 a.m., Defendant applied for entry into the United States from Mexico in the pedestrian lane through the San Ysidro Port of Entry in San Diego, California. (Doc. No. 45, PSR ¶ 4.) Defendant was referred to secondary inspection. (Id.) The inspection of Defendant resulted in the discovery of a total of seven

packages of methamphetamine, with a total weight of 1.52 kilograms, both affixed on her person and carried internally. (Id. ¶ 5.)

On March 21, 2024, the Government filed an information charging Defendant with one count of importation of methamphetamine (felony) in violation of 21 U.S.C. §§ 952 and 960.[1] (Doc. No. 22.) On May 9, 2024, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to the single count of importation of methamphetamine charged in the information. (Doc. Nos. 31, 34, 35-36.) On May 9, 2024, the Magistrate Judge issued his findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 37). On May 28, 2024, the Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to count 1 of the information. (Doc. No. 40.)

On November 18, 2024, the Court held a sentencing hearing. (Doc. No. 59.) At sentencing, the Court calculated Defendant's total offense level as 22 and her criminal history category as I, resulting in a guidelines range of 41 to 51 months. The Court then applied two downward departures – one pursuant to U.S.S.G. § 5K2.0 and one pursuant to U.S.S.G. § 5K3.1 – resulting in a total downward departure of 8 levels. The Court then sentenced Defendant to a custodial sentence of 12 months and 1 day followed by three years of supervised release. (Doc. Nos. 59, 61.) The Court entered a judgment on November 18, 2024. (Doc. No. 61.)

By the present motion, Defendant moves to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). (Doc. No. 65.) Specifically, Defendant contends that extraordinary and compelling reasons exist for a sentencing reduction in her case, and, in light of those extraordinary and compelling reasons, she requests that the Court reduce her

---

[1] On March 21, 2024, Defendant waived indictment in open court before the Magistrate Judge. (Doc. No. 23.)

sentence to time served as a March 14, 2025, with the added supervised release condition that she successfully complete a residential drug treatment program along with the remaining supervised release conditions. (Id. at 4, 11.)

## Discussion

I.  **Legal Standards**

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A). See Aruda, 993 F.3d at 799; United States v. Wright, 46 F.4th 938, 944 (9th Cir. 2022).

Section 3582(c)(1)(A) provides:

> (c) **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> > (1) in any case--
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A); accord Aruda, 993 F.3d at 799–800.

When as here a defendant moves for compassionate release under § 3582(c)(1)(A)(i), a district court "may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094–95 (9th Cir. 2022); see Wright, 46 F.4th at 945. "Although a district court must conclude that a defendant satisfies all [these] predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." Wright, 46 F.4th at 945 (citing Keller, 2 F.4th at 1284).

The Ninth Circuit has explained that because "compassionate release derogates from the principle of finality, it is a 'narrow' remedy." Id. at 944 (citing Freeman v. United States, 564 U.S. 522, 526 (2011)). Further, a district court's "disposition of a compassionate release motion 'is discretionary, not mandatory.'" Id. at 945 (quoting United States v. Jones, 980 F.3d 1098, 1106 (6th Cir. 2020)). In addition, "[a]s the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction." United States v. Grummer, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021) (citing United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016)); see, e.g., Wright, 46 F.4th at 951 ("it was [defendant]'s burden to establish his eligibility for compassionate release").

II. **Analysis**

A.   Exhaustion

A court may not modify a term of imprisonment under Section 3582(c)(1)(A), "unless the defendant has fully complied with the exhaustion requirement" set forth in that provision. Keller, 2 F.4th at 1282 ("§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when

properly invoked."). Under that exhaustion requirement, "a court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." Id. at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).

On December 16, 2024, Defendant, through counsel, sent a request to the Jail Administrator of her facility – the facility's equivalent of a warden – to file a motion for a sentence reduction on her behalf. (See Doc. No. 65 at 6, Ex. C.) The Jail Administrator's security responded and noted that the Jail Administrator does not have the ability to file any type of sentence reduction on Defendant's behalf. (Id. at 6.) Defendant contends that, because over 30 days have passed since her request was sent to the Jail Administrator, she has satisfied Section 3582(c)(1)(A)'s exhaustion requirement. (Id.)

In its response, the Government does not contest that this is sufficient to satisfy § 3582(c)(1)(A)'s exhaustion requirement. (See Doc. No. 67.) Indeed, the Government does not oppose Defendant's motion for compassionate release. (See id.) As such, the Court concludes that Defendant has complied with the exhaustion requirement set forth in § 3582(c)(1)(A). See 18 U.S.C. § 3582(c)(1)(A); Keller, 2 F.4th at 1281; Wright, 46 F.4th at 945 n.3; see also, e.g., United States v. Pinon, No. 19-CR-04777-BAS, 2022 WL 16557620, at *1 (S.D. Cal. Oct. 31, 2022) (explaining that exhaustion is futile when the defendant is being held at a non-BOP facility); United States v. Arreola-Bretado, 445 F. Supp. 3d 1154, 1157 (S.D. Cal. 2020) (same).

B.  Extraordinary and Compelling Reasons

Congress provided no statutory definition of "extraordinary and compelling reasons" in 18 U.S.C. § 3582(c)(1)(A). Aruda, 993 F.3d at 800. "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what

should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" Id. (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" can be found at U.S.S.G. § 1B1.13. Id. Section 1B1.13(b) provides:

> (b) Extraordinary and Compelling Reasons.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> > (1) Medical Circumstances of the Defendant.--
> >
> > > (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > >
> > > (B) The defendant is--
> > >
> > > > (i) suffering from a serious physical or medical condition,
> > > >
> > > > (ii) suffering from a serious functional or cognitive impairment, or
> > > >
> > > > (iii) experiencing deteriorating physical or mental health because of the aging process,
> > >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> > >
> > > (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> > >
> > > (D) The defendant presents the following circumstances--
> > >
> > > > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing

public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Ninth Circuit has held that that because "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant," "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Aruda, 993 F.3d at 802; accord United States v. Roper, 72 F.4th 1097, 1101 (9th Cir. 2023); see also United States v. Wooten, No. 21-50126, 2021 WL 6116632, at *1 (9th Cir. Dec. 27, 2021) ("U.S.S.G. § 1B1.13 'remains helpful guidance even when motions

are filed by defendants'" (quoting <u>United States v. McCoy</u>, 981 F.3d 271, 282 n.7 (4th Cir. 2020))). However, U.S.S.G. § 1B1.13 was amended on November 1, 2023 to reflect that a defendant is authorized to file a motion under 18 U.S.C. § 3582(a)(1)(A), meaning that the policy statement is now applicable to both defendant-filed and BOP-filed motions. <u>See</u> U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), . . . ."); <u>see also</u> <u>Roper</u>, 72 F.4th at 1101 n.2 (noting that the new amendments "address[] defendant-filed motions"). (<u>See also</u> Doc. No. 1774 at 5-7.)

  Here, Defendant contends that her failure to be timely transferred to the Bureau of Prisons ("BOP") and receive its reentry support and drug programming, coupled with the unique fact of that her child may be put up for adoption on April 8, 2025 are extraordinary and compelling reasons for a sentencing reduction. (Doc. No. 65 at 4.) With respect to her family circumstances, Defendant explains that on April 8, 2025, a Riverside County family court will hold a review hearing in her dependency case. (<u>Id.</u> at 1, Ex. A.) At the hearing, the family law court will decide if Defendant's son will place back in her care or be placed in her abusive ex-partner's care. (<u>See id.</u> at 1, Ex. A; Doc. No. 45, PSR ¶ 50.) Further, depending on the outcome of the April 2025 hearing, the family law court could later put Defendant's son up for adoption. (<u>See</u> Doc. No. 65 at 1, Ex. A.) Defendant asserts that a sentence reduction would allow her to meaningfully participate in her child's reunification hearing in April 2025. (<u>Id.</u> at 3, 4, 8.)

  Defendant contends that the chance she might permanently lose custody of her son and her parental rights is a compelling and extraordinary reason. (<u>Id.</u> at 8.) Section 1B1.13(b)(3) lists "Family Circumstances of the Defendant" as an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(3). Although Defendant's current circumstances do not precisely match up with any of the specific family circumstances expressly listed in section (b)(3), <u>see id.</u>, section (b)(5) further provides that "[o]ther" extraordinary and compelling reasons may exist when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of

the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Id. § 1B1.13(b)(5).

With respect to her transfer circumstances, Defendant explains that, following her sentencing on November 18, 2024, she remained in pretrial custody at the Western Region Detention Facility in San Diego and was not move to a BOP facility until the end of January 2025. (Doc. No. 65 at 2, 5; see also id. Ex. C.) Defendant asserts that had she been moved to a federal BOP facility immediately, she could potentially already be in a halfway house or on home confinement as of March 14, 2025. (Id. at 2, 8-9.) Defendant explains that her projected release date is currently August 23, 2025, and, typically, individuals are released by the BOP into a halfway house to serve the last three to six months of their sentence. (Id. at 9.)

District courts have found that a delay in transferring the defendant to a BOP facility when combined with other compelling circumstances can constitute an extraordinary and compelling reason for a sentencing reduction. See, e.g., United States v. Dorantes, No. 21-cr-03596-TWR, Docket Nos. 54, 57 (S.D. Cal., May 31, 2023); United States v. Barrett, No. 20-cr-1964-DMS, Docket Nos. 75, 77, 79 (S.D. Cal. July 7, 2023). Here, Defendant's family circumstances combined with her failure to be timely transferred to a BOP facility further combined with the fact that the Government does not oppose her motion for compassionate release present unique circumstances that are sufficient to satisfy the extraordinary and compelling reasons standard set forth in 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. In sum, Defendant has demonstrated that extraordinary and compelling reasons exist for a sentence reduction in her case.

B. Section 3553(a) Factors

In considering a motion for compassionate release, a district court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case.'" Wright, 46 F.4th at 945. The § 3553(a) factors "include, among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness

of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants." Id. at n.4 (citing 18 U.S.C. § 3553(a)).

Beginning with Defendant's personal history and characteristics, Defendant had no criminal convictions and almost no history of criminal conduct prior to the present offense. (See Doc. No. 45, PSR ¶¶ 30-43.)  In addition, Defendant has faced several hardships throughout her life, including domestic violence, parental violence, and neglect. (Doc. No. 65 at 4-5; Doc. No. 64.)

Turning to the nature and circumstances of the offense, while Defendant's offense involved a serious drug-related crime, Defendant had a minor role and the offense did not involve violence.  See United States v. Ortiz, No. 17CR2283-MMA-1, 2023 WL 2229262, at *9 (S.D. Cal. Feb. 24, 2023) (noting that the drug offense "did not involve violence" when weighing the § 3553(a) factors).  Turning to the need to provide just punishment and the appliable sentence guidelines, taking good time credits into account, Defendant has served a little more than 50% of her custodial sentence. (Doc. No. 65 at 10.)  If Defendant is released on March 14, 2025, she will have served almost six months in custody. (Doc. No. 65 at 5.)

Further, Defendant has shown rehabilitation while in custody and this is supported by a letter from a mitigation specialist who interviewed Defendant in October 2024 and January 2025.  (See id. at 2-3, 10-11, Ex. B.)  In addition, Defendant specifically requests a sentencing reduction with the added supervised release condition that she successfully complete a residential drug treatment program. (Doc. No. 65 at 4, 11; see id. Ex. B (letter from mitigation specialist stating that Defendant meets criteria for placement at North County Serenity House and Family Recovery Center and a bed can be secured for her at one of these facilities upon her release).)  In sum, after considering all of the § 3553(a) factors and considering the fact that the Government does not oppose Defendant's motion,

the Court concludes that the § 3553(a) factors weigh in favor of granting Defendant's requested reduction in her sentence.

## Conclusion

In sum, after considering the parties' briefing and applying the relevant law and legal standards, and based on the current record, the Court grants Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court reduces Defendant's custodial sentence to a total term of time served as of **March 14, 2025, with the added supervised release condition that Defendant successfully complete a residential drug treatment program in addition to all remaining supervised release conditions**. All previously imposed terms and conditions of supervised release remain in full force and effect.

In addition, the Court provides notice to Defendant and attaches the standard conditions of supervised release from Defendant's November 18, 2024 judgment as an exhibit to this order. Any objections to these standard conditions of supervised release must be filed **within fourteen (14) days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: March 10, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT